UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| LOUIS GARNEAU SPORTS, INC. : | |
| and LOUIS GARNEAU USA, INC., : | |
|     Plaintiffs and : | |
|     Counter Defendants : | |
| : | |
|     v. : | File No. 1:05-CV-119 |
| : | |
| DASHAMERICA, INC., : | |
| d/b/a Pearl Izumi, : | |
|     Defendant and : | |
|     Counter Claimant : | |

### RULING ON MOTION TO TRANSFER VENUE

Plaintiff Louis Garneau Sports, Inc. is a Canadian corporation with a principal place of business in Quebec. Its exclusive licensee of the patent at issue, Louis Garneau USA, Inc., is a Vermont corporation with a principal place of business in Newport, Vermont.

The plaintiffs allege defendant DashAmerica, Inc., d/b/a Pearl Izumi, a Colorado corporation, has produced "dual-density padding for cycling shorts" which infringes on their patent. See Def.'s Mem. (Doc. 16) at 1. Claiming Colorado provides the appropriate forum for deciding this case, the defendant has moved to transfer venue.

Under 28 U.S.C. § 1404, a district court may transfer any civil action to any other district where it may have been brought, for the "convenience of the parties and witnesses, in the interest of justice." The burden is on the moving party to establish the

propriety of a change in forum.  See, e.g., Nordica USA, Inc. v. Deloitte & Touche, 839 F. Supp. 1082, 1093 (D. Vt. 1993).

When considering a motion to transfer, the Court must consider a variety of factors, including: "(1) convenience of the parties; (2) convenience of witnesses; (3) relative means of parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) desirability of having the case tried by forum familiar with substantive law to be applied; (9) practical difficulties; and (10) how best to serve the interest of justice, based on assessment of the totality of the material circumstances." Country Homes Prods., Inc. v. Schiller-Pfeiffer, Inc., 350 F. Supp. 2d 561, 570 (D. Vt. 2004)(citation and quotations omitted).

Based on an evaluation of these factors, the Court concludes the defendant has not met its burden of demonstrating the propriety of transferring this matter to Colorado. All parties to this action appear to be corporations which have adequate means to pursue or defend this litigation.  At this time, there is no discernible reason that Colorado will provide a more convenient forum for determining this dispute than Vermont.  Given the geographic locations of all the parties, it is likely that each party will have to travel to some extent to pursue or defend this litigation.  Furthermore, the same substantive federal law will be applied in any location, and the case load in this District is not measurably heavier than in the District of Colorado.  Finally, one of the named plaintiffs is a Vermont corporation, and its choice of this forum is entitled to deference. See, e.g., Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)("unless the balance is

strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

The Motion to Transfer is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of August, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge